IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PLUMBERS AND STEAMFITTERS          *
LOCAL 486 PENSION FUND,
by its Trustee, William Welsh              *
9411 Philadelphia Road, Suite S
Baltimore, Maryland  21237                 *

and                                        *

PLUMBERS AND STEAMFITTERS          *
LOCAL 486 MEDICAL FUND,
by its Trustee, William Welsh              *
9411 Philadelphia Road, Suite S
Baltimore, Maryland  21237                 *     Civil Action No.

and                                        *

PLUMBERS AND STEAMFITTERS          *
LOCAL 486 SEVERANCE AND
ANNUITY/401(k) FUND,                       *
by its Trustee, William Welsh
9411 Philadelphia Road, Suite S            *
Baltimore, Maryland  21237
                                           *
and                                        *

PLUMBERS AND STEAMFITTERS
LOCAL 486 JOINT JOURNEYMAN          *
AND APPRENTICE TRAINING FUND,
by its Trustee, William Welsh              *
1201 66th Street
Baltimore, Maryland  21237                 *

and                                        *

INTERNATIONAL TRAINING             *
FUND, by the Board of Trustees of
the International Training Fund             *
3 Park Place
Annapolis, Maryland  21401                 *

and                                        *

MECHANICAL CONTRACTORS              *
ASSOCIATION OF MARYLAND, INC.
3600 O'Donnell Street                *
South Tower – Suite 800
Baltimore, Maryland 21224            *

and                                  *

PLUMBERS AND STEAMFITTERS            *
LOCAL 486, UNITED ASSOCIATION
OF JOURNEYMEN AND APPRENTICES        *
OF THE PLUMBING AND PIPEFITTING
INDUSTRY OF THE UNITED STATES        *
AND CANADA, AFL-CIO
8100 Sandpiper Circle, Suite 200     *
Baltimore, Maryland  21236
                                     *
            Plaintiffs,
                                     *
v.
                                     *
CAPITOL REFRIGERATION, INC.
55 Main Street                       *
Hamilton, New Jersey 08620
                                     *
Serve : Business Filings International
        Incorporation                *
        351 W Camden Street
        Baltimore, Maryland 21201    *

            Defendant.               *

*      *      *      *      *      *      *      *      *      *      *      *      *

## **COMPLAINT**

## **Jurisdiction**

1.      The jurisdiction of this Court is based on Section 502(e) of the Employee Security

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e) as to

Counts 1-5.

2.      The jurisdiction of this Court is based upon section 301(a) of the Labor

Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 185(a) as to Counts 6-7.

## Parties

3.      Plaintiff Plumbers and Steamfitters Local 486 Pension Fund ("Pension Fund") is

an employee pension benefit plan as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and

was established and is maintained by employers in an industry or activity affecting commerce

and by an employee organization representing employees in an industry or activity affecting

commerce within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a).  William Welsh is

a duly appointed and authorized trustee of the Pension Fund, a fiduciary within the meaning of

Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees

of the Pension Fund, which joint board of trustees is the plan sponsor of the Pension Fund within

the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

4.      Plaintiff Plumbers and Steamfitters Local 486 Medical Fund ("Medical Fund") is

an employee welfare benefit plan as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and

was established and is maintained by employers in an industry or activity affecting commerce

and by an employee organization representing employees in an industry or activity affecting

commerce within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a).  William Welsh is

a duly appointed and authorized trustee of the Medical Fund, a fiduciary within the meaning of

Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees

of the Medical Fund, which joint board of trustees is the plan sponsor of the Medical Fund within

the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

5.      Plaintiff Plumbers and Steamfitters Local 486 Severance and Annuity/401(k)

Fund ("Severance Fund") is an employee pension benefit plan as defined in Section 3(2) of

ERISA, 29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). William Welsh is a duly appointed and authorized trustee of the Severance Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees of the Severance Fund, which joint board of trustees is the plan sponsor of the Severance Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6.     Plaintiff Plumbers and Steamfitters Local 486 Joint Journeyman and Apprentice Training Fund ("Training Fund") is an employee welfare benefit plan as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). William Welsh is a duly appointed and authorized trustee of the Training Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees of the Training Fund, which joint board of trustees is the plan sponsor of the Training Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

7.     Plaintiff International Training Fund ("ITF") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1).  The ITF was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). The Board of Trustees is the

plan sponsor of the Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii), the Trustees of which are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

8.      Plaintiff Mechanical Contractors Association of Maryland, Inc. ("MCA") is an employer association and a corporate entity organized and existing under the laws of the State of Maryland.

9.      Plaintiff Plumbers and Steamfitters Local 486, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO ("Local 486") is an unincorporated labor organization that represents employees in the State of Maryland.  Local 486 is a labor organization, as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), that represents employees in an industry affecting commerce within the meanings of Sections 2(7) and 301(a) of the LMRA, 29 U.S.C. §§ 152(7) and 185(a).  Further, Local 486 is an employee organization, as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry or activity affecting commerce as defined in Section 3(12) of ERISA, 29 U.S.C. § 1002(12).

10.     Defendant Capitol Refrigeration, Inc. (hereinafter referred to as "Capitol Refrigeration" or "the Company") was established as a corporation under the laws of the State of Maryland in 2014 and employs persons in the State of Maryland in the plumbing and steamfitting trade.  Capitol Refrigeration is an employer, as defined in Section 2(2) of the LMRA, 29 U.S.C. § 152(2), whose activities affect commerce within the meaning of Section 2(7) of the LMRA, 29 U.S.C. § 152(7).  Further, Capitol Refrigeration is an employer as defined in Section 3(5) of ERISA, 29 U.S.C.  1002(5), in an industry affecting commerce within the meaning of Section 3(12) of ERISA, 29 U.S.C. § 1002(12).

## **Collective Bargaining Agreement**

11.     At all times relevant to this action, Capitol Refrigeration was bound and subject to a collective bargaining agreement with Local 486.

12.     Said collective bargaining agreement provides for the rates of pay, wages, hours of employment and other conditions of employment for Capitol Refrigeration's employees covered by said collective bargaining agreement, and specifically provides for the payment by Capitol Refrigeration to the Pension Fund, Medical Fund, Severance Fund, Training Fund, ITF and MCA of specified sums for each hour worked by each of Defendant's employees covered by said agreement.  Such payments are required to be made by the last of the month following the month in which the hours were worked, and such payments are required to be accompanied by a remittance report showing the hours worked by each covered employee and the amounts owed for such hours.

13.     Said collective bargaining agreement further provides for certain authorized deductions to be made from the wages of Defendant's employees and remitted by the employer to Local 486.  Specifically, union dues, Job Targeting Program remittances and employee-authorized building fund remittances are to be deducted from the wages of Defendant's employees and are to be remitted to Local 486, and wage deferral deductions, if elected, by certain employees under Section 401(k) of the Internal Revenue Code are to be remitted to the Severance Fund.  Such remittances are to be made by the last day of the month in which the hours were worked, and such remittances are to be accompanied by a remittance report showing the hours worked by each covered employee and the amounts owed for such hours.

**Trust Agreements**

14.     Section 502(g) of ERISA, 29 U.S.C. § 1132(g), expressly requires the Court to award liquidated damages of up to twenty percent (20%) as provided by the terms of an agreement, in addition to the amount of unpaid contributions, interest, reasonable attorney's fees and costs.  In the absence of a liquidated damages provision in the agreement, ERISA authorizes an award equal to the amount of interest, which award is in addition to all other amounts awarded.  ERISA further provides that interest shall be determined by using the rate specified in the agreement, or if none is so specified, the rate prescribed by Section 6621 of the Internal Revenue Code of 1954, as amended.

15.     The Agreements and Declarations of Trust also provide for liquidated damages to the Pension, Medical, Severance, and Training Funds and ITF in the amount of twenty percent (20%) of the delinquent contributions.

16.     Provisions of the Agreements and Declarations of Trust for the Pension, Medical, Severance and Training Funds provide that the rate of interest on delinquent contributions shall be the greater of the legal rate prescribed under Section 6621 of the Internal Revenue Code, or the legal rate of interested in the State of Maryland, from the date the contributions are due until paid or until the date of judgment, whichever is sooner.  That rate, at all times relevant to this action, was ten percent (10%).

17.     The Agreement and Declaration of Trust for the ITF provides that the rate of interest on delinquent contributions shall be twelve percent (12%).

18.     Said Agreements and Declarations of Trust also provide that an employer required to make contributions to the Pension, Medical, Severance, and Training Funds and ITF

7

shall permit an audit of its payroll and business records, by the auditors of the Funds, whenever

requested by the Funds, at any reasonable time during the business hours of the employer.

19.     The Agreements and Declarations of Trust creating and governing the Funds state

that in the event an employer fails to submit a remittance report showing the number of hours

worked by employees during a month, the Funds are permitted to estimate the amount of the

contributions due by calculating the average of the monthly contributions paid by the employer

for the last three months for which such contributions were paid, or for the last twelve month for

which such contributions were paid, whichever is greater.

20.     The Agreements and Declarations of Trust state that the Funds are entitled to

audit the payroll records (including payroll tax returns) of each employer whenever such

examination is deemed necessary or advisable by the Trustees of the Funds.  All amounts owed

pursuant to an audit are due upon receipt of demand from Administrator.

## COUNT ONE

## Claim by the Pension Fund

21.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-

20.

22.     Plaintiffs, through use of a certified public accountant, reviewed Defendant

Capitol Refrigeration's payroll records for April through December, 2014, and for the 2015,

2016 and 2017 calendar years.

23.     The Payroll Audit Summary of the Defendant's payroll records revealed that

Defendant has underreported required employee fringe benefit contributions due and owing to

the Pension Fund for hours worked by its employees for the months of August, 2014, April

through December, 2015, January through December, 2016, and January through December, 2017.

24.     Capitol Refrigeration has failed and refused to make required employee fringe benefit contributions due and owing to the Pension Fund for hours worked by employees of Capitol Refrigeration for the months of June, July, August and September, 2019, and failed to timely pay employee fringe benefit contributions for the months of October, November and December, 2018, January, February, March, April and May, 2019.

25.     Based on the Payroll Audit Summary, Capitol Refrigeration owes the Pension Fund delinquent employee fringe benefit contributions in the amount of $1,015.97 for hours worked by Defendant's employees for the months of August, 2014, April through December, 2015, January through December, 2016, and January through December, 2017.

26.   Based on the remittance reports filed by Capitol Refrigeration for the months of May, June and July, 2019, Capitol Refrigeration owes the Pension Fund delinquent employee fringe benefit contributions in an estimated amount of $36,054.29 for hours worked by employees of Capitol Refrigeration for the months of June, July, August and September, 2019.

27.     Capitol Refrigeration has not paid the employee fringe benefit contributions due and owing to the Pension Fund for the months of August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, and June, July, August and September, 2019, and owes liquidated damages in the amount of $7,414.05 on said contributions.

28.     Capitol Refrigeration failed to timely pay the employee fringe benefit contributions due and owing for the months of October, November and December, 2018, January, February, March, April and May, 2019, and owes liquidated damages in an amount of $15,519.78.

29.     Capitol Refrigeration has failed to pay the employee fringe benefit contributions due and owing to the Pension Fund for August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, and June, July, August and September, 2019, and owes interest in an amount to be determined on said contributions.

30.     Capitol Refrigeration has not timely paid the employee fringe benefit contributions due and owing to the Pension Fund for the months of October, November and December, 2018, January, February, March, April and May, 2019, and owes interest in the amount of $1,043.26 on said contributions.

31.     Based on the failure of Capitol Refrigeration to pay employee fringe benefit contributions for the prior months, the Pension Fund believes that Capitol Refrigeration will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, plaintiff Pension Fund prays:

a.     That this Court order Capitol Refrigeration to make all of its payroll and business records available to plaintiff Pension Fund's auditors to determine the exact amount owed for the 2018 and 2019 calendar years, and any additional periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Capitol Refrigeration in the amount of $37,070.26 for contributions due and owing to the Pension Fund for the months of August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, and June, July, August and September, 2019, together with interest on the delinquent contributions at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.      That judgment be entered against Capitol Refrigeration in the amount of

$22,933.83 for liquidated damages due on the delinquent and late-paid contributions owed for

the months of August, 2014, April through December, 2015, January through December, 2016,

January through December, 2017, October through December, 2018, and January through

September, 2019;

d.      That judgment be entered against Capitol Refrigeration in the amount of all

unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry

of judgment, together with interest at the greater of the legal rate in the State of Maryland or the

rate prescribed under section 6621 of the Internal Revenue Code, from the date such

contributions are due and owing until the date of judgment, and liquidated damages in the

amount of twenty percent (20%) on such contributions;

e.      That plaintiff Pension Fund be awarded post-judgment interest, reasonable

attorneys' fees and its costs;

f.      And, further, that such other relief be granted as this Court deems just and proper.

## COUNT TWO

## Claim by the Medical Fund

32.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-

31.

33.     Plaintiffs, through use of a certified public accountant, reviewed Defendant

Capitol Refrigeration's payroll records for April through December, 2014, and for the 2015,

2016 and 2017 calendar years.

34.     The Payroll Audit Summary of the Defendant's payroll records revealed that

Defendant has underreported required employee fringe benefit contributions due and owing to

11

the Medical Fund for hours worked by its employees for the months of August, 2014, April

through December, 2015, January through December, 2016, and January through December,

2017.

35.    Capitol Refrigeration has failed and refused to make required employee fringe

benefit contributions due and owing to the Medical Fund for hours worked by employees of

Capitol Refrigeration for the months of June, July, August and September, 2019, and failed to

timely pay employee fringe benefit contributions for the months of October, November and

December, 2018, January, February, March, April and May, 2019.

36.    Based on the Payroll Audit Summary, Capitol Refrigeration owes the Medical

Fund delinquent employee fringe benefit contributions in the amount of $2,877.64 for hours

worked by Defendant's employees for the months of August, 2014, April through December,

2015, January through December, 2016, and January through December, 2017.

37.  Based on the remittance reports filed by Capitol Refrigeration for the months of

May, June and July, 2019, Capitol Refrigeration owes the Medical Fund delinquent employee

fringe benefit contributions in an estimated amount of $61,981.89 for hours worked by

employees of Capitol Refrigeration for the months of June, July, August and September, 2019.

38.    Capitol Refrigeration has not paid the employee fringe benefit contributions due

and owing to the Medical Fund for the months of August, 2014, April through December, 2015,

January through December, 2016, January through December, 2017, and June, July, August and

September, 2019, and owes liquidated damages in the amount of $12,971.91 on said

contributions.

39.    Capitol Refrigeration failed to timely pay the employee fringe benefit

contributions due and owing for the months of October, November and December, 2018,

January, February, March, April and May, 2019, and owes liquidated damages in an amount of

$25,616.13.

40.     Capitol Refrigeration has failed to pay the employee fringe benefit contributions

due and owing to the Medical Fund for August, 2014, April through December, 2015, January

through December, 2016, January through December, 2017, and June, July, August and

September, 2019, and owes interest in an amount to be determined on said contributions.

41.     Capitol Refrigeration has not timely paid the employee fringe benefit

contributions due and owing to the Medical Fund for the months of October, November and

December, 2018, January, February, March, April and May, 2019, and owes interest in the

amount of $1,787.24 on said contributions.

42.     Based on the failure of Capitol Refrigeration to pay employee fringe benefit

contributions for the prior months, the Medical Fund believes that Capitol Refrigeration will

continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, plaintiff Medical Fund prays:

a.      That this Court order Capitol Refrigeration to make all of its payroll and business

records available to plaintiff Medical Fund's auditors to determine the exact amount owed for the

2018 and 2019 calendar years, and any additional periods subsequent to the filing of this

complaint and prior to the entry of judgment;

b.      That judgment be entered against Capitol Refrigeration in the amount of

$64,859.53 for contributions due and owing to the Medical Fund for the months of August, 2014,

April through December, 2015, January through December, 2016, January through December,

2017, and June, July, August and September, 2019, together with interest on the delinquent

contributions at the greater of the legal rate in the State of Maryland or the rate prescribed under

section 6621 of the Internal Revenue Code, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

      c.     That judgment be entered against Capitol Refrigeration in the amount of $38,588.04 for liquidated damages due on the delinquent and late-paid contributions owed for the months of August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, October through December, 2018, and January through September, 2019;

      d.     That judgment be entered against Capitol Refrigeration in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of twenty percent (20%) on such contributions;

      e.     That plaintiff Medical Fund be awarded post-judgment interest, reasonable attorneys' fees and its costs;

      f.     And, further, that such other relief be granted as this Court deems just and proper.

## COUNT THREE

### Claim by the Severance Fund

43.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-42.

44.     Plaintiffs, through use of a certified public accountant, reviewed Defendant Capitol Refrigeration's payroll records for April through December, 2014, and for the 2015, 2016 and 2017 calendar years.

45.     The Payroll Audit Summary of the Defendant's payroll records revealed that Defendant has underreported required employee fringe benefit contributions due and owing to the Severance Fund for hours worked by its employees for the months of August, 2014, April through December, 2015, January through December, 2016, and January through December, 2017.

46.     Capitol Refrigeration has failed and refused to make required employee fringe benefit contributions due and owing to the Severance Fund for hours worked by employees of Capitol Refrigeration for the months of June, July, August and September, 2019, and failed to timely pay employee fringe benefit contributions for the months of October, November and December, 2018, January, February, March, April and May, 2019.

47.     Based on the Payroll Audit Summary, Capitol Refrigeration owes the Severance Fund delinquent employee fringe benefit contributions in the amount of $536.92 for hours worked by Defendant's employees for the months of August, 2014, April through December, 2015, January through December, 2016, and January through December, 2017.

48.   Based on the remittance reports filed by Capitol Refrigeration for the months of May, June and July, 2019, Capitol Refrigeration owes the Severance Fund delinquent employee fringe benefit contributions in an estimated amount of $15,478.74 for hours worked by employees of Capitol Refrigeration for the months of June, July, August and September, 2019.

49.     Capitol Refrigeration has not paid the employee fringe benefit contributions due and owing to the Severance Fund for the months of August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, and June, July, August and September, 2019, and owes liquidated damages in the amount of $3,203.13 on said contributions.

50.     Capitol Refrigeration failed to timely pay the employee fringe benefit contributions due and owing for the months of October, November and December, 2018, January, February, March, April and May, 2019, and owes liquidated damages in an amount of $8,197.85.

51.     Capitol Refrigeration has failed to pay the employee fringe benefit contributions due and owing to the Severance Fund for August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, and June, July, August and September, 2019, and owes interest in an amount to be determined on said contributions.

52.     Capitol Refrigeration has not timely paid the employee fringe benefit contributions due and owing to the Severance Fund for the months of October, November and December, 2018, January, February, March, April and May, 2019, and owes interest in the amount of $555.03 on said contributions.

53.     Based on the failure of Capitol Refrigeration to pay employee fringe benefit contributions for the prior months, the Severance Fund believes that Capitol Refrigeration will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, plaintiff Severance Fund prays:

a.     That this Court order Capitol Refrigeration to make all of its payroll and business records available to plaintiff Severance Fund's auditors to determine the exact amount owed for the 2018 and 2019 calendar years, and any additional periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Capitol Refrigeration in the amount of $16,015.66 for contributions due and owing to the Severance Fund for the months of August, 2014, April through December, 2015, January through December, 2016, January through

December, 2017, and June, July, August and September, 2019, together with interest on the

delinquent contributions at the greater of the legal rate in the State of Maryland or the rate

prescribed under section 6621 of the Internal Revenue Code, from the date the delinquent

contributions were due and owing until paid or until the date of judgment, whichever is sooner;

      c.      That judgment be entered against Capitol Refrigeration in the amount of

$11,400.98 for liquidated damages due on the delinquent and late-paid contributions owed for

the months of August, 2014, April through December, 2015, January through December, 2016,

January through December, 2017, October through December, 2018, and January through

September, 2019;

      d.      That judgment be entered against Capitol Refrigeration in the amount of all

unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry

of judgment, together with interest at the greater of the legal rate in the State of Maryland or the

rate prescribed under section 6621 of the Internal Revenue Code, from the date such

contributions are due and owing until the date of judgment, and liquidated damages in the

amount of twenty percent (20%) on such contributions;

      e.      That plaintiff Severance Fund be awarded post-judgment interest, reasonable

attorneys' fees and its costs;

      f.      And, further, that such other relief be granted as this Court deems just and proper.

## COUNT FOUR

## Claim by the Training Fund

54.      Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-

53.

55.     Plaintiffs, through use of a certified public accountant, reviewed Defendant Capitol Refrigeration's payroll records for April through December, 2014, and for the 2015, 2016 and 2017 calendar years.

56.     The Payroll Audit Summary of the Defendant's payroll records revealed that Defendant has underreported required employee fringe benefit contributions due and owing to the Training Fund for hours worked by its employees for the months of August, 2014, April through December, 2015, January through December, 2016, and January through December, 2017.

57.     Capitol Refrigeration has failed and refused to make required employee fringe benefit contributions due and owing to the Training Fund for hours worked by employees of Capitol Refrigeration for the months of June, July, August and September, 2019, and failed to timely pay employee fringe benefit contributions for the months of October, November and December, 2018, January, February, March, April and May, 2019.

58.     Based on the Payroll Audit Summary, Capitol Refrigeration owes the Training Fund delinquent employee fringe benefit contributions in the amount of $1,873.77 for hours worked by Defendant's employees for the months of August, 2014, April through December, 2015, January through December, 2016, and January through December, 2017.

59.   Based on the remittance reports filed by Capitol Refrigeration for the months of May, June and July, 2019, Capitol Refrigeration owes the Training Fund delinquent employee fringe benefit contributions in an estimated amount of $6,118.07 for hours worked by employees of Capitol Refrigeration for the months of June, July, August and September, 2019.

60.     Capitol Refrigeration has not paid the employee fringe benefit contributions due and owing to the Training Fund for the months of August, 2014, April through December, 2015,

January through December, 2016, January through December, 2017, and June, July, August and September, 2019, and owes liquidated damages in the amount of $1,598.36 on said contributions.

61.     Capitol Refrigeration failed to timely pay the employee fringe benefit contributions due and owing for the months of October, November and December, 2018, January, February, March, April and May, 2019, and owes liquidated damages in an amount of $2,225.20.

62.     Capitol Refrigeration has failed to pay the employee fringe benefit contributions due and owing to the Training Fund for August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, and June, July, August and September, 2019, and owes interest in an amount to be determined on said contributions.

63.     Capitol Refrigeration has not timely paid the employee fringe benefit contributions due and owing to the Training Fund for the months of October, November and December, 2018, January, February, March, April and May, 2019, and owes interest in the amount of $162.66 on said contributions.

64.     Based on the failure of Capitol Refrigeration to pay employee fringe benefit contributions for the prior months, the Training Fund believes that Capitol Refrigeration will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, plaintiff Training Fund prays:

a.     That this Court order Capitol Refrigeration to make all of its payroll and business records available to plaintiff Training Fund's auditors to determine the exact amount owed for the 2018 and 2019 calendar years, and any additional periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against Capitol Refrigeration in the amount of $7,991.84 for contributions due and owing to the Training Fund for the months of August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, and June, July, August and September, 2019, together with interest on the delinquent contributions at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.      That judgment be entered against Capitol Refrigeration in the amount of $3,823.57 for liquidated damages due on the delinquent and late-paid contributions owed for the months of August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, October through December, 2018, and January through September, 2019;

d.      That judgment be entered against Capitol Refrigeration in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of twenty percent (20%) on such contributions;

e.      That plaintiff Training Fund be awarded post-judgment interest, reasonable attorneys' fees and its costs;

f.      And, further, that such other relief be granted as this Court deems just and proper.

## COUNT FIVE

## Claim by the ITF

65.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-64.

66. Plaintiffs, through use of a certified public accountant, reviewed Defendant Capitol Refrigeration's payroll records for April through December, 2014, and for the 2015, 2016 and 2017 calendar years.

67.     The Payroll Audit Summary of the Defendant's payroll records revealed that Defendant has underreported required employee fringe benefit contributions due and owing to the ITF for hours worked by its employees for the months of August, 2014, April through December, 2015, January through December, 2016, and January through December, 2017.

68.     Capitol Refrigeration has failed and refused to make required employee fringe benefit contributions due and owing to the ITF for hours worked by employees of Capitol Refrigeration for the months of June, July, August and September, 2019, and failed to timely pay employee fringe benefit contributions for the months of October, November and December, 2018, January, February, March, April and May, 2019.

69.     Based on the Payroll Audit Summary, Capitol Refrigeration owes the ITF delinquent employee fringe benefit contributions in the amount of $485.56 for hours worked by Defendant's employees for the months of August, 2014, April through December, 2015, January through December, 2016, and January through December, 2017.

70.  Based on the remittance reports filed by Capitol Refrigeration for the months of May, June and July, 2019, Capitol Refrigeration owes the ITF delinquent employee fringe

benefit contributions in an estimated amount of $728.35 for hours worked by employees of Capitol Refrigeration for the months of June, July, August and September, 2019.

71.     Capitol Refrigeration has not paid the employee fringe benefit contributions due and owing to the ITF for the months of August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, and June, July, August and September, 2019, and owes liquidated damages in the amount of $242.78 on said contributions.

72.     Capitol Refrigeration failed to timely pay the employee fringe benefit contributions due and owing for the months of October, November and December, 2018, January, February, March, April and May, 2019, and owes liquidated damages in an amount of $282.17.

73.     Capitol Refrigeration has failed to pay the employee fringe benefit contributions due and owing to the ITF for August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, and June, July, August and September, 2019, and owes interest in an amount to be determined on said contributions.

74.     Capitol Refrigeration has not timely paid the employee fringe benefit contributions due and owing to the ITF for the months of October, November and December, 2018, January, February, March, April and May, 2019, and owes interest in the amount of $23.89 on said contributions.

75.     Based on the failure of Capitol Refrigeration to pay employee fringe benefit contributions for the prior months, the ITF believes that Capitol Refrigeration will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, plaintiff ITF prays:

a.      That this Court order Capitol Refrigeration to make all of its payroll and business records available to plaintiff ITF's auditors to determine the exact amount owed for the 2018 and 2019 calendar years, and any additional periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against Capitol Refrigeration in the amount of $1,213.91 for contributions due and owing to the ITF for the months of August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, and June, July, August and September, 2019, together with interest on the delinquent contributions at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.      That judgment be entered against Capitol Refrigeration in the amount of $524.95 for liquidated damages due on the delinquent and late-paid contributions owed for the months of August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, October through December, 2018, and January through September, 2019;

d.      That judgment be entered against Capitol Refrigeration in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate prescribed under The Agreement and Declaration of Trust for the ITF in the amount of twelve percent (12%), and liquidated damages in the amount of twenty percent (20%) on such contributions;

e.      That plaintiff ITF be awarded post-judgment interest, reasonable attorneys' fees and its costs;

f.      And, further, that such other relief be granted as this Court deems just and proper.

## COUNT SIX

## Claim by MCA

76.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-75.

77.    Plaintiffs, through use of a certified public accountant, reviewed Defendant Capitol Refrigeration's payroll records for April through December, 2014, and for the 2015, 2016 and 2017 calendar years.

78.    The Payroll Audit Summary of the Defendant's payroll records revealed that Defendant has underreported required employee fringe benefit contributions due and owing to MCA for hours worked by its employees for the months of August, 2014, April through December, 2015, January through December, 2016, and January through December, 2017.

79.    Capitol Refrigeration has failed and refused to make required employee fringe benefit contributions due and owing to MCA for hours worked by employees of Capitol Refrigeration for the months of June, July, August and September, 2019, and failed to timely pay employee fringe benefit contributions for the months of October, November and December, 2018, January, February, March, April and May, 2019.

80.    Based on the Payroll Audit Summary, Capitol Refrigeration owes MCA delinquent employee fringe benefit contributions in the amount of $2.16 for hours worked by Defendant's employees for the months of August, 2014, April through December, 2015, January through December, 2016, and January through December, 2017.

81.    Based on the remittance reports filed by Capitol Refrigeration for the months of May, June and July, 2019, Capitol Refrigeration owes MCA delinquent employee fringe benefit

contributions in an estimated amount of $3,059.05 for hours worked by employees of Capitol Refrigeration for the months of June, July, August and September, 2019.

82.     Capitol Refrigeration has failed to pay the employee fringe benefit contributions due and owing to the MCA for August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, and June, July, August and September, 2019, and owes interest in an amount to be determined on said contributions.

83.     Capitol Refrigeration has not timely paid the employee fringe benefit contributions due and owing to the MCA for the months of October, November and December, 2018, January, February, March, April and May, 2019, and owes interest in the amount of $53.35 on said contributions.

84.     Based on the failure of Capitol Refrigeration to pay employee fringe benefit contributions for the prior months, the MCA believes that Capitol Refrigeration will continue to fail to pay employee fringe benefit contributions for future months.

        WHEREFORE, plaintiff MCA prays:

        a.      That this Court order Capitol Refrigeration to make all of its payroll and business records available to plaintiff MCA's auditors to determine the exact amount owed for the 2018 and 2019 calendar years, and any additional periods subsequent to the filing of this complaint and prior to the entry of judgment;

        b.      That judgment be entered against Capitol Refrigeration in the amount of $3,061.21 for contributions due and owing to the MCA for the months of August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, and June, July, August and September, 2019, together with interest on the delinquent

25

contributions at the rate of six percent (6%) per year, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

       c.      That judgment be entered against Capitol Refrigeration in the amount of $53.35 for interest due on the late-paid contributions owed for the months of October, November and December, 2018, January, February, March, April and May, 2019;

       d.      That judgment be entered against Capitol Refrigeration in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of six percent (6%) per year;

       e.      That plaintiff MCA be awarded post-judgment interest, reasonable attorneys' fees and its costs;

       f.      And, further, that such other relief be granted as this Court deems just and proper.

## COUNT SEVEN

### Claim by Local 486

85.      Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-84.

Plaintiffs, through use of a certified public accountant, reviewed Defendant Capitol Refrigeration's payroll records for April through December, 2014, and for the 2015, 2016 and 2017 calendar years.

86.      The Payroll Audit Summary of the Defendant's payroll records revealed that Defendant has underreported employee authorized union dues, Job Targeting Program and building fund monies, deducted from its employees' paychecks for the months of August, 2014, April through December, 2015, January through December, 2016, and January through December, 2017.

87.     Capitol Refrigeration has failed and refused to remit to Local 486 the employee authorized union dues, Job Targeting Program and building fund monies, deducted from its employees' paychecks for the months of June, July, August and September, 2019, and failed to timely remit to Local 486 the employee authorized union dues, Job Targeting Program and building fund monies deducted from its employees' paychecks for the months of October, November and December, 2018, January, February, March, April and May, 2019.

88.     Based on the Payroll Audit Summary, Capitol Refrigeration owes Local 486 unremitted union dues, Job Targeting and building fund monies in the amount of $12,401.67 for hours worked by Defendant's employees for the months of August, 2014, April through December, 2015, January through December, 2016, and January through December, 2017.  Of the $12,401.67 owed to Local 486 pursuant to the Payroll Audit Summary, $4,811.15 is for union dues, $7,342.57 is for Job Targeting Program monies, and $247.95 is building fund remittances.

89.   Based on the remittance reports filed by Capitol Refrigeration for the months of May, June and July, 2019, Capitol Refrigeration owes Local 486 unremitted union dues, Job Targeting and building fund monies in the estimated amount of $14,040.21 for hours worked by employees of Capitol Refrigeration for the months of June, July, August and September, 2019. Of the estimated $14,040.21 owed to Local 486, $10,034.20 is for union dues, $3,641.78 is for Job Targeting Program monies, and $364.23 is building fund remittances.

90.     Capitol Refrigeration has not paid the remittances due and owing to Local 486 for August, 2014, April through December, 2015, January through December, 2016, January through December, 2017, and June, July, August and September, 2019, and owes interest in an amount to be determined on said contributions.

91.     Capitol Refrigeration has not timely paid the employee remittances due and

owing to Local 486 for the months of October, November and December, 2018, January,

February, March, April and May, 2019, and owes interest in the amount of $256.16 on said

contributions.

92.     Based on the failure of Capitol Refrigeration to pay employee fringe benefit

contributions for the prior months, Local 486 believes that Capitol Refrigeration will continue to

fail to pay employee fringe benefit contributions for future months.

WHEREFORE, plaintiff Local 486 prays:

a.      That this Court order Capitol Refrigeration to make all of its payroll and business

records available to plaintiff Local 486's auditors to determine the exact amount owed for the

2018 and 2019 calendar years, and any additional periods subsequent to the filing of this

complaint and prior to the entry of judgment;

b.      That judgment be entered against Capitol Refrigeration in the amount of

$26,441.88 for remittances due and owing to Local 486 for the months of August, 2014, April

through December, 2015, January through December, 2016, January through December, 2017,

and June, July, August and September, 2019, together with interest at the legal rate in the state of

Maryland from the date the delinquent remittances were due and owing until paid or until the

date of judgment, whichever is sooner;

c.      That judgment be entered against Capitol Refrigeration in the amount of $256.16

for interest due on the late-paid remittances for the months of October, November and

December, 2018, January, February, March, April and May, 2019;

d.      That judgment be entered against Capitol Refrigeration in the amount of all

unpaid remittances that accrue subsequent to the filing date of this complaint and prior to entry

of judgment, together with interest at the legal rate in the State of Maryland from the date such

remittances were due to the date of judgment;

      e.     That plaintiff Local 486 be awarded post-judgment interest, reasonable attorneys'

fees and its costs;

      f.     And, further, that such other relief be granted as this Court deems just and proper.


Date: November 4, 2019                Respectfully Submitted,

                                    /s/ Kimberly L. Bradley
                                    Kimberly L. Bradley
                                    Bar No. 23653

                                    /s/ Shauna Barnaskas
                                    Shauna Barnaskas
                                    Bar No. 16755
                                    Abato, Rubenstein and Abato, P.A.
                                    809 Gleneagles Court, Suite 320
                                    Baltimore, Maryland  21286
                                    (410) 321-0990

                                    Attorneys for Plaintiffs

29